IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01972-ZLW

MARIO VILLABONA-ALVARADO,

    Plaintiff,

v.

UNITED STATES OF AMERICA,
FEDERAL BUREAU OF PRISONS,
JOHN M. HURLEY,
G. L. HERSHBERGER, and
WENDY J. ROAL,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 28 2008

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTION FOR RELIEF

Plaintiff Mario E. Villabona-Alvarado is in the custody of the United States Bureau of Prisons and currently is incarcerated at FCI Atlanta in Atlanta, Georgia. On March 10, 2008, Plaintiff filed a *pro se* "Motion for Relief from Order and Judgement [sic]" pursuant to Fed. R. Civ. P. 60(b). The Court must construe the Motion liberally because Mr. Villabona-Alvarado is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the Court will deny the Motion.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to reconsider filed more than ten days after the final judgment in an action should be considered pursuant to Rule 60(b). *See id.* at 1243.

Mr. Villabona-Alvarado's Motion was filed more than ten days after the Court's October 29, 2007, Order of Dismissal and Judgment. Therefore, the Motion properly is filed pursuant to Fed. R. Civ. P. 60(b). Relief under Rule 60(b), however, is appropriate only in extraordinary circumstances. *See Massengale v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994).

The Court dismissed the instant action without prejudice because Mr. Villabona-Alvarado failed to file his claims on a Court-approved Prisoner Complaint form within the time allowed. In the Motion for Relief, Plaintiff asserts that on October 12, 2007, he deposited the Prisoner Complaint in the institutional internal mailing system for forwarding to this Court. He further asserts that a day or two after he deposited the Complaint he was advised that additional postage was needed, and he immediately affixed additional postage to the envelope containing the Complaint. Mr. Villabona-Alvarado argues that pursuant to *Houston v. Lack*, 487 U.S. 266 (1988), his Complaint was deemed filed when he placed it in the mail on October 12, 2007.

The Court finds that Mr. Villabona-Alvarado fails to demonstrate the existence of any extraordinary circumstances that would justify a decision to reconsider and vacate the order dismissing this action. Plaintiff has not met the burden he is required to meet to establish his entitlement to the benefit of the mailbox rule under *Houston v. Lack*, 487 U.S. 266 (1988), which may provide a basis for vacating the October 29,

2

2007, Order of Dismisal. *See Price v. Philpot*, 420 F.3d 1158 (10th Cir. 2005) (prisoner must attest that a timely filing was made and has the burden of proof on the issue). Only now in the Motion for Relief, and four months after the Complaint was dismissed, does Plaintiff assert that he placed the Complaint in the institutional internal mailing system when he dated and signed the Complaint. Plaintiff, however, does not assert that the internal mail system is the legal mail system for the prison facility where he is incarcerated. *Id.* at 1165 (citing *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1144 (10th Cir.), *cert denied*, 543 U.S. 1005 (2004)). Plaintiff also did not submit with the Complaint a declaration or notarized statement setting forth the date of deposit of the Complaint with the prison officials, as he is required to do. *Id.* at 1165 (citing *Ceballos-Martinez* 387 F.3d at 1145). Therefore, the Motion will be denied. Accordingly, it is

ORDERED that Plaintiff's March 10, 2008, Motion for Relief from Order and Judgment is denied.

DATED at Denver, Colorado, this 27 day of March, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-01974-BNB

Mario E. Villabona-Alvarado
Reg. No. 89696-012
FCI - Atlanta
PO Box 150160
Atlanta, GA 30315

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/28/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk